IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MATTHEM WILSON, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-20-211-JFH-SPS |
| KILOLO KIJAKAZI,<br>Acting Commissioner of the Social<br>Security Administration,[1] | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

The claimant Matthew Wilson requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). He appeals the Commissioner's decision and asserts the Administrative Law Judge ("ALJ") erred in determining he was not disabled. For the reasons set forth below, the Commissioner's decision should be REVERSED and the case REMANDED to the ALJ for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security

---

[1] On July 9, 2021, Kilolo Kijakazi became the Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d), Ms. Kijakazi is substituted for Andrew M. Saul as the Defendant in this action.

Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[2]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800

---

[2] Step one requires the claimant to establish that he is not engaged in substantial gainful activity. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. If the claimant is engaged in substantial gainful activity, or his impairment is not medically severe, disability benefits are denied. If he does have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, he is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that he lacks the residual functional capacity (RFC) to return to his past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant can perform, given his age, education, work experience and RFC. Disability benefits are denied if the claimant can return to any of his past relevant work or if his RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

(10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was forty-nine years old at the time of the administrative hearing (Tr. 129). He graduated high school and has no past relevant work (Tr. 117, 283). The claimant alleges that he has been unable to work since May 19, 2017, due to sciatica, cracked vertebrae, a torn disc, bipolar disorder, depression, and anxiety (Tr. 282).

## Procedural History

On May 19, 2017, the claimant applied for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85 (Tr. 252-62). His application was denied. ALJ Bill Jones conducted an administrative hearing and determined that the claimant was not disabled in a written opinion dated September 23, 2019 (Tr. 109-119). The Appeals Council denied review, so the ALJ's written opinion represents the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. § 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant retained the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. § 416.967(a), except that he was further limited to simple, routine,

and repetitive tasks involving only simple work-related decisions with few, if any, workplace changes, and that he should have no more than incidental contact with co-workers, supervisors, and the general public (Tr. 113). The ALJ then concluded that although the claimant had no past relevant work to return to, he was nevertheless not disabled because there was work he could perform, *e. g.*, ticket checker and addresser (Tr. 117-118).

## Review

The claimant contends[3] that the ALJ erred by: (i) failing to properly assess the opinion of his treating physician, Dr. Danny Silver; (ii) failing to properly assess his subjective complaints; and (iii) failing to properly identify jobs he could perform. The undersigned Magistrate Judge agrees the ALJ erred in evaluating the evidence at step four, and the decision of the Commissioner should therefore be reversed and the case remanded for further proceedings.

The ALJ found that the claimant had the severe impairments of degenerative disc disease of the lumbar spine, bipolar disorder, anxiety disorder, dysthymia, and cluster C personality traits (Tr. 111). The relevant medical records as to the claimant's physical impairments reveal that he had back pain going back a number of years prior to his alleged onset date, and that he received epidural steroid injections for back pain on January 6, 2017 and on July 21, 2015 (Tr. 399, 407, 573). He received regular treatment at Meridian

---

[3] The undersigned Magistrate Judge notes that Plaintiff's Opening Brief was not filed in compliance with this Court's Loc. Civ. R. 7.1(c) as to length and format of the brief, but nevertheless chooses to proceed on the merits at this time.

Medical in Fort Smith, Arkansas, with Dr. Danny Silver.  Dr. Silver's treatment notes reflect, *inter alia*, continuing complaints of low back pain and right leg pain that included paresthesias and affected his sleep (Tr. 444).  Upon physical exam, Dr. Silver frequently noted that the claimant had tenderness in his back, that his mobility was restricted, and that flexion, extension, and rotation caused pain (Tr. 446, 642-643, 757).  A November 2017 MRI of the lumbar spine revealed a small right paracentral disk herniation creating moderate right neural foraminal narrowing and mild to moderate central canal narrowing, as well as mild degenerative disc disease (Tr. 853).

     The claimant reported playing guitar in a band, but treatment notes reflect that he quit his regular playing at a restaurant by November 2017 due to increased right low back pain (Tr. 444, 591).  The claimant's diagnoses included displacement of lumbar intervertebral disc without myelopathy and degeneration of lumbar or lumbosacral intervertebral disc (Tr. 447).  The claimant also walked slowly with a limp on the right side, but alignment of his musculoskeletal spines was normal despite tenderness in the midline of the cervical and lumbar spines (Tr. 578).  On March 12, 2019, Dr. Silver noted that the claimant's symptoms were still moderately severe, although reduced to mild with medications on most days.  Furthermore, he noted that the claimant's symptoms affected his sleep, work, and household, but that he continued to be active by going out on dates and playing the guitar (Tr. 757).

     On March 15, 2018, Dr. Silver completed a medical opinion as to the claimant's ability to do physical work-related activities (Tr. 632-637).  He indicated that the claimant could lift/carry twenty pounds frequently and occasionally, stand/walk up to three hours in

an eight-hour workday and sit three hours in an eight-hour workday, but that he could only sit or stand fifteen minutes at a time and would need a sit/stand option as well as the ability to lie down around four times in an eight-hour shift (Tr. 632-633). Dr. Silver cited the claimant's lumbar disc protrusion at multiple levels, which leads to foraminal stenosis, as well as lower extremity radiculopathy and sciatica (Tr. 633). He indicated that the claimant could never crouch or climb ladders, and that he could only occasionally twist, stoop, or climb stairs, but that his upper extremities were not affected (Tr. 634). Additionally, Dr. Silver stated that the claimant would need to elevate his feet or assume the fetal position at times when his pain is severe, and that he would be absent from work more than three times a month (Tr. 636-637).

A state agency physician initially determined that the claimant could perform light work with no additional limitations (Tr. 166-176). Upon review, a state agency physician found the claimant could perform the lifting restrictions of light work and that he could sit up to six hours in an eight-hour workday, but that he could only stand/walk up to four hours in an eight-hour workday (Tr. 185-187).

In his written opinion, the ALJ summarized the claimant's testimony and the medical record. In discussing the opinion evidence, the ALJ found Dr. Silver's opinion unpersuasive, stating that the course of treatment was not consistent with the claimant being totally disabled because the claimant had not been prescribed physical therapy, injections, or other treatment since the alleged onset date, and he consistently had a normal gait and motor strength (Tr. 117). Additionally, the ALJ stated that he found it likely Dr. Silver was expressing an opinion in an effort to sympathize with the claimant and/or to

avoid doctor/patient tension if he were insistent (Tr. 117).  The ALJ also found that the state agency physician opinions supported the assigned RFC since, upon review, they determined the claimant could only stand/walk four hours in an eight-hour workday (Tr. 116).

For claims filed on or after March 27, 2017, medical opinions are evaluated pursuant to 20 C.F.R. § 416.920c.  Under these rules, the ALJ does not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)[.]" 20 C.F.R. §§ 404.1520c(a), 416.920c(a).  Instead, the ALJ evaluates the persuasiveness of all medical opinions and prior administrative medical findings by considering a list of factors.  *See* 20 C.F.R. §§ 404.1520c(b), 416.920c(b).  The factors are:  (i) supportability, (ii) consistency, (iii) relationship with the claimant (including length of treatment relationship, frequency of examinations, purpose and extent of treatment relationship, and examining relationship), (iv) specialization, and (v) other factors that tend to support or contradict a medical opinion or prior administrative finding (including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements.").  20 C.F.R. §§ 404.1520c(c), 416.920c(c).  Supportability and consistency are the most important factors and the ALJ must explain how both factors were considered.  *See* 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).  Generally, the ALJ is not required to explain how the other factors were considered.  *Id.*  However, when the ALJ finds that two or more medical opinions or prior administrative findings on the same issue are equally well-supported and consistent with the record but are not exactly the same, the ALJ must explain how "the other most

persuasive factors in paragraphs (c)(3) through (c)(5)" were considered. 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3).

In this case, the ALJ properly summarized Dr. Silver's opinion, but failed to properly assess its persuasiveness, supportability, and consistency. This was error because the regulations discussed above require the ALJ to explain how persuasive he found the medical opinions he considered, and as part of that explanation, also require him to specifically discuss the supportability and consistency factors. *See* 20 C.F.R. §§ 416.920c(b), 416.920c(c). The supportability factor examines how well a medical source supported their own opinion with "objective medical evidence" and "supporting explanations." 20 C.F.R. § 416.920c(c)(1). As to this factor, the ALJ ignored it completely, failing to discuss the objective medical findings he cited through his opinion, as well as the MRI of the lumbar spine in this context. Likewise, the consistency factor calls for a comparison between the medical opinion and "the evidence from other medical sources and nonmedical sources" in the record. 20 C.F.R. § 416.920c(c)(2). Here, the ALJ attacked some alleged internal consistencies with Dr. Silver's opinion, but largely relied on his own assumptions that Dr. Silver was biased and only provided an opinion out of sympathy or fear of tension, rather than an opinion based on his medical expertise and training. The ALJ further asserted that the claimant had a normal gait, ignoring repeated notations that the claimant experienced restricted mobility and intermittent weakness in his right lower extremity (Tr., *e. g.*, 448-449, 573), and that he walked with a limp (Tr. 578). Incidentally, in addition to Dr. Silver, Dr. Wojciech Dulowski noted the claimant's limp (Tr. 578), which the ALJ failed to credit as consistent. It was error for the ALJ to ignore

-8-

this probative evidence. *See, e. g., Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004) (noting that the ALJ may not "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence."). *See also Briggs ex rel. Briggs v. Massanari,* 248 F.3d 1235, 1239 (10th Cir. 2001) ("Although the ALJ need not discuss all of the evidence in the record, he may not ignore evidence that does not support his decision, especially when that evidence is 'significantly probative.'") [citation omitted]. *See also Clifton v. Chater,* 79 F.3d 1007, 1010 (10th Cir. 1996) ("[I]n addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence that he rejects.") [citation omitted]. An explanation of the persuasiveness of Dr. Silver's opinion that includes a discussion of how he supported his opinion and how his opinion compares with the other evidence of record is therefore entirely absent from the ALJ's decision and constitutes reversible error.

Because the ALJ failed to properly evaluate the medical opinion evidence, the decision of the Commissioner should be reversed and the case remanded to the ALJ for further analysis. If such analysis results in any adjustment to the claimant's RFC, the ALJ should then re-determine what work, if any, the claimant can perform and ultimately whether he is disabled.

## Conclusion

The undersigned Magistrate Judge hereby PROPOSES a finding by the Court that correct legal standards were not applied by the ALJ, and the Commissioner's decision is therefore not supported by substantial evidence. The undersigned Magistrate Judge thus

RECOMMENDS that the Court reverse the decision of the Commissioner and remand the case for further proceedings. Any objections to this Report and Recommendation must be filed within fourteen days. *See* Fed. R. Civ. P. 72(b).

**DATED** this 31st day of August, 2021.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**